[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By writ, summons and complaint, dated January 13, 1992, the plaintiff, Debra A. Brennan, inter alia, is seeking a dissolution of her marriage from the defendant, Gilbert A. Brennan, Jr.
After a full trial, the parties present and represented by counsel, based on a preponderance of the credible, relevant and legally admissible evidence, the court finds, rules and orders as follows.
The plaintiff, whose maiden name was Debra A. Cornell, and the defendant intermarried on August 13, 1983, in Westerly, Rhode Island.
The plaintiff has resided continuously within this state one year next before the date of this complaint. CT Page 4316
There is one minor child, issue of this marriage, namely, Ryan Edward Brennan, born October 30, 1990.
No other children have been born to the plaintiff since the date of the parties marriage.
No governmental agency is assisting either party.
The plaintiff is 32 years old, holds a college degree, earned during her marriage, and is presently employed as a comptroller for the Arrow Manufacturing Co., and, as such, earns approximately $40,000.00 per year.
The defendant is 31 years old, is a carpenter who is self-employed in his own contracting business and indicates on his affidavit that he earns approximately $16,000.00 per year, which appears to the court, and the court so finds that said earnings are substantially below his earning capacity.
The parties have been married almost ten years, during which time the plaintiff earned her degree in financial accounting from the University of New Haven.
The defendant is a carpenter who has been employed in his own business, but since the parties separation, has moved to Westerly, Rhode Island.
Both parties are from Rhode Island and both have extended families living there.
The parties for most of the marriage have difficulty communicating with each other. The plaintiff, obviously has aspired to higher education and has achieved her degrees while maintaining a home. The defendant is a hard working skilled journeyman, but his interests in such matters as golfing and companionship with his friends; including his father-in-law, oft times excluded his wife. The defendant has, on occasion, displayed a loss of temper, which resulted in acts of violence towards the plaintiff.
Such activity on the part of the defendant resulted in the plaintiff's contemplation of a dissolution several years before he actually brought this action in January of 1992. CT Page 4317
Obviously the plaintiff's attainment of her college degree during the marriage required a concentration to this end by her and support from the defendant for her achievement.
Both parties contributed to the breakup of the marriage, but on balance, the court finds that the defendant's deficiencies in his ability to communicate with his wife and his loss of temper and the ensuing violence were the major factors in the breakup.
Guided by the standards set forth in Gen. Stat. Secs. 46b-81, 46b-82 and 46b-83, and, in the exercise of its equitable powers, the court fashions the following awards as to custody, support, alimony and property distribution.
At present, the parties have joint custody of the minor child. Because of the defendant's inability to adequately communicate with the plaintiff and the distance that the parties live from each other, it would not be in the best interest of the minor child to continue this arrangement.
Therefore sole custody of the minor child is awarded to the plaintiff mother.
The defendant shall have visitation as follows:
a. The defendant shall have visitation with his son, Ryan, every other weekend from Thursday at 6:00 PM to Sunday at 7:00 PM. It shall be the responsibility of the defendant to pick up and return the child, at the stated times, from and to the plaintiff's home.
b. When the child commences attending school the weekends subject to the defendant's visitation will begin on Fridays at 6:00 PM and continue to Sunday at 7:00 PM.
c. Holidays
Thanksgiving in even numbered years with the father and odd numbered years with the mother, from 10:00 AM to 7:00 PM.
Christmas Eve in even numbered years with the mother until 10:00 AM Christmas day and in odd numbered years with CT Page 4318 the defendant father from 4:00 PM until 10:00 AM Christmas day.
Christmas day in the even numbered years with the father from 10:00 Am until 7:00 PM and in odd numbered years with the plaintiff mother from 10:00 AM until 7:00 PM if it falls during fathers usual weekend.
d. Vacations
The defendant father has the option to exercise up to three weeks of vacation with the child and the plaintiff has the option to exercise up to two weeks of vacation with the child. None of the weeks will be consecutive except that where a vacation rental or trip lasts longer than one week the parties by agreement, which shall not be unreasonably withheld, may, from time to time, waive this condition.
The parties will provide written notice of at least 30 days in advance to one another of their planned vacation time. If a conflict arises as to dates, the defendant will have first choice in odd numbered years and the plaintiff mother, first choice in even numbered years.
The defendant shall pay to the plaintiff, child support in the amount of $85.00 per week. The plaintiff shall take the income tax dependency exemption.
The plaintiff shall maintain the existing medical insurance for the child as available to her from her employer. In addition, the parties shall share equally all reasonable and necessary unreimbursed health care expenses for the minor child, including, but not limited to medical, dental, optical, orthodonture, and pharmaceutical expenses.
The parties shall maintain their present life insurance policies with the child as the beneficiary until Ryan reaches the age of 18.
There remains, in escrow, as part of the proceeds from the sale of the parties marital home, the sum of approximately $16,911.46, which includes interest.
There is set out to the plaintiff one half of said escrow or $8,455.73 and one half to the defendant in the same CT Page 4319 amount.
But, from the husband's share, before distribution, there shall be deducted, the following amounts which shall be added to the plaintiff's share.
 a. $1,750.00 to replace the wife's IRA contribution, plus interest.
 b. $1,250.00 representing plaintiff's ownership in a tractor in the possession of the defendant which shall become his property free from any claims of the plaintiff.
 c. Any arrearages in child support that may exist at the time of dissolution.
 As adjusted, the escrow fund shall be distributed $11,455.73, plus any unpaid child support, to the plaintiff and $5,455.73 less any unpaid child support to the defendant.
The court rejects as incredible the defendant's claim that there is due and owing to Robert B. Evans, Sr., Inc. by invoice dated September 12, 1988, the sum of $4,600.00. The plaintiff's share of the escrow account shall be free and clear of this claim. If any such debt exists it shall be the sole responsibility of the defendant and he shall hold harmless the plaintiff from liability thereon.
The defendant, not later than May 31, 1993, and each year thereafter until the minor child reaches 18, shall furnish to the plaintiff a copy of his federal income tax return, including any corporate tax returns.
The following items shall be returned to the plaintiff by the defendant; Ryan's Christening gown, blow-up swimming pool, one half the Christmas ornaments; wedding album and child's baby album, hope chest, plaintiff's skis, poles and boots, one half the lawn furniture, one half the kitchen utensils including the Oster kitchen center.
No alimony is awarded either party.
Each party shall be responsible for their debts as CT Page 4320 delineated on their respective financial affidavits.
The court reiterates its oral finding made on April 16, 1993, the date the trial on this matter was concluded, that the marriage of the parties has broken down irretrievably without hope of reconciliation and that a dissolution of the marriage enter.
Accordingly a decree may enter dissolving the marriage of the parties and incorporating therein the findings and orders of the court.
Judgment enters in accordance with the foregoing Memorandum of Decision.
Felicia Santostefano, Ass't. Clerk
SPALLONE STATE TRIAL REFEREE